IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE KANCEWICK, | ) |
| Plaintiff, | ) |
| | ) 2008 CV 229 |
| v. | ) |
| | ) Judge Grady |
| ARTHUR WELLS, INC. and | ) |
| STANFORD HOWARD, | ) Magistrate Judge Valdez |
| Defendants. | ) |

### MOTION TO REMAND

Plaintiff Christine Kancewick, by her attorney, John T. Benz, moves the court to remand this case to the Circuit Court of Cook County, Municipal Department, Fifth Municipal District, the court from which it was removed. In support of her motion, plaintiff states as follows:

1. This personal injury action arising from a collision between the parties' vehicles on October 19, 2005. The case was filed in the Circuit Court of Cook County, Municipal Department, Fifth Municipal District, on October 17, 2007, against defendants Arthur Wells, Inc. (hereinafter, "Wells") and Stanford Howard. Wells removed it to this court on January 11, 2008.

2. In her complaint, plaintiff seeks damages against the defendants "in an amount not to exceed $50,000.00..." Plaintiff's complaint, attached hereto as Exhibit 1, at p. 2 (emphasis added). Additionally, plaintiff's summons directed against Wells states, "Amount Claimed: $50,000." Plaintiff's Summons, attached hereto as Exhibit 2.

3. On or about December 11, 2007, defendant's counsel, Allison V. Smith of Haynes, Studnicka, Kahan, O'Neill & Miller, LLC, contacted plaintiff's counsel, John T.

1

PDF created with pdfFactory trial version www.pdffactory.com

Benz, by telephone, and agreed to waive service of process on behalf of Wells. Attorney Smith asked attorney Benz whether the amount sought by plaintiff in the case would exceed $50,000.00. Attorney Benz told attorney Smith at that time that the damages sought by the plaintiff would not exceed $50,000.00. Affidavit of John T. Benz, attached hereto as Exhibit 3, at ¶ 2; see also, Well's Notice of Removal at ¶ 3.

4. Attorney Smith then requested that Mr. Benz forward her an Illinois Supreme Court Rule 222 affidavit stating that the amount sought would not exceed $50,000.00. Plaintiff's counsel agreed, and asked his secretary to prepare the affidavit.[1]

5. On December 12, 2007, attorney Benz's secretary prepared the affidavit. Unfortunately, attorney Benz failed to notice that the affidavit mistakenly indicated that the damages sought in the case would "exceed" rather than "not exceed" $50,000.00. This was an oversight on the part of plaintiff's counsel and was completely inadvertent. In actuality, the affidavit was intended to state, as attorney Benz had told defendant's counsel, that the total money damages sought did not exceed $50,000.00. Exhibit 3 at ¶ 4.

6. The affidavit was faxed to defendant's counsel on December 12, 2007. Upon receipt of the affidavit, defense counsel did not call plaintiff's counsel regarding the discrepancy between plaintiff's counsel's telephone representation and the contradictory affidavit. Attorney Benz was not aware of the mistake until after the case was removed to this court. Neither plaintiff nor defendant filed the Rule 222 affidavit with the Circuit Court of Cook County. Exhibit 3 at ¶ 5.

---

[1] Under Illinois Supreme Court Rule 222(a) and (b), the affidavit stating whether the plaintiff is claiming total money damages of more or less than $50,000.00 is a statement used to establish whether or not "Limited and Simplified Discovery" rules should apply to a given case.

PDF created with pdfFactory trial version www.pdffactory.com

7. Plaintiff's counsel first received a phone call from defendant's counsel about the discrepancy late in on the afternoon on January 11, 2008. Plaintiff's counsel was out of the office at the time of the call, but returned the call at approximately 6:00 p.m. that same evening. At that time, defendants' counsel informed plaintiff's counsel that it was too late, and that the case had been removed to the United States District Court for the Northern District of Illinois, Eastern Division, earlier the same day. Exhibit 3 at ¶ 6.

8. Under 28 U.S.C. §§ 1441 and 1332, removal of this case is proper only if the citizenship of parties is diverse, none of the defendants are citizens of Illinois, and the amount in controversy exceeds $75,000.00.

9. The defendant's notice of removal asserts that removal of this case is proper because the parties are diverse, both defendants are citizens of the state of Missouri, and because there is a "reasonable probability" that the amount in controversy exceeds $75,000.00. See defendants' Notice of Removal at ¶¶ 6-7.

10. The burden of proof to show that the amount in controversy exceeds the $75,000.00 jurisdictional limit lies with the removing defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, (1921). In that regard, defendant must show that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). In determining whether a claim exceeds the $75,000.00 minimum amount in controversy, federal courts look first to the amount in controversy set forth in the underlying state court complaint. *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511, 513, (2nd Cir. 1957).

PDF created with pdfFactory trial version www.pdffactory.com

Normally, the plaintiff is in the best position to determine how much her claim is worth, and her own judgment regarding the value of her claim will be determinative. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590 (1938). If defendant does not demonstrate, to a reasonable probability that the amount in controversy exceeds $75,000.00, this case must be remanded. See, *Brill*, supra.

11. In this case, plaintiff suffered soft tissue orthopedic injuries as a result of the alleged vehicle collision. Plaintiff's medical and therapy bills arising from the collision at issue, as reflected in plaintiff's counsel's file, are less than $13,000.00. At both the time of the filing of her complaint and at the time of removal, plaintiff was no longer receiving treatment for her injuries. Given the nature and extent of her injuries, plaintiff filed her claim in the Circuit Court of Cook County, Municipal Department, Fifth District. Plaintiff specifically requested less than $50,000.00 damages in her complaint. The summons issued for service on Wells likewise stated that the amount claimed by plaintiff was $50,000.00. Exhibit 3 at ¶ 7.

12. At no time has plaintiff or plaintiff's counsel indicated to defendant's counsel or to anyone else that plaintiff's damages in this case exceed $75,000.00. Indeed, plaintiff's counsel expressly told defendant's counsel by telephone that the amount in controversy was <u>less</u> than $50,000.00. Exhibit 3 at ¶ 8.

13. Neither plaintiff nor plaintiff's counsel ever had any intention of requesting an award of damages at trial in excess of $50,000.00. Although plaintiff continues to experience ill affects from the occurrence, plaintiff does not claim that the value of her injury exceeds $75,000.00. Exhibit 3 at ¶ 9.

PDF created with pdfFactory trial version www.pdffactory.com

14. In filing its notice of removal in this case, defendant Wells has offered no facts to support of its conclusion that the amount in controversy exceeds $75,000.00. Indeed, the only evidence relied on by the defendant – the mistakenly prepared Rule 222 affidavit – makes no assertion that the value of the plaintiff's claim exceeds $75,000.00. To the extent that the affidavit states that the total amount of damages sought by plaintiff exceeds $50,000.00, the affidavit should be disregarded because the circumstances of its creation clearly support the plaintiff's assertion that the content of the affidavit was the result of an inadvertent mistake by plaintiff's counsel.

15. Because it has not been shown to a reasonable probability that the amount in controversy is more than $75,000.00, this court lacks subject matter jurisdiction and this case should be remanded to the Circuit Court of Cook County.

WHEREFORE, plaintiff Christine Kancewick respectfully requests the court to enter an order remanding this case to the Circuit Court of Cook County, Municipal Department, Fifth Municipal District, and for such other relief as the court deems just and proper.

By: _____
One of the Attorneys for Plaintiff

JOHN T. BENZ
LAW OFFICES OF JOHN T. BENZ
16061 SOUTH 94TH AVENUE
ORLAND HILLS, ILLINOIS 60487
(708) 403-8800
FAX: (708) 403-8193
ARDC No. 6202322

PDF created with pdfFactory trial version www.pdffactory.com