IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE KANCEWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2008 CV 229 |
| v. ) | |
| ) | Judge Grady |
| ARTHUR WELLS, INC. and ) | |
| STANFORD HOWARD, ) | Magistrate Judge Valdez |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF JOHN T. BENZ

John T. Benz, being duly sworn on oath, states as follows:

1. I have personal knowledge of the matters set forth below.

2. On or about December 11, 2007, defendant's counsel, Allison V. Smith of Haynes, Studnicka, Kahan, O'Neill & Miller, LLC, contacted me by telephone, and offered to waive service of process on defendant Arthur Wells Inc. Attorney Smith asked me whether the amount sought by plaintiff in the case would exceed $50,000.00. I told attorney Smith at that time that, as indicated in plaintiff's complaint, the damages sought by the plaintiff would not exceed $50,000.00.

3. Attorney Smith then requested that I forward her an Illinois Supreme Court Rule 222 affidavit stating that the amount sought would not exceed $50,000.00. I agreed, and asked my secretary to prepare the affidavit.

4. On December 12, 2007, my secretary prepared the affidavit based on a form affidavit that we had on her computer. Unfortunately, I failed to notice that the we used the wrong form and that affidavit mistakenly indicated that the damages sought in

**EXHIBIT 3**
1

PDF created with pdfFactory trial version www.pdffactory.com

the case would "exceed" rather than "not exceed" $50,000.00. This was completely inadvertent. In actuality, I had intended the affidavit to state, as I had previously told defendant's counsel, that the total money damages sought did not exceed $50,000.00.

5.  I faxed the affidavit to defendant's counsel on December 12, 2007. I did not hear from defense counsel regarding the discrepancy, and I was not aware of the mistake until after the case was removed to this court. Neither defendant nor I filed the Rule 222 affidavit with the Circuit Court of Cook County.

6.  I first received a phone call from defendant's counsel about the discrepancy late in on the afternoon on January 11, 2008. I was out of the office at the time of the call, but I returned the call at approximately 6:00 p.m. that same evening. At that time, defendants' counsel informed me that it was too late, and that the case had already been removed to this court.

7.  In this case, plaintiff suffered soft tissue orthopedic injuries as a result of the alleged vehicle collision. Plaintiff's medical and therapy bills arising from the collision at issue, as reflected in my file, are less than $13,000.00. At both the time of the filing of her complaint and at the time of removal, plaintiff was no longer receiving treatment for her injuries. Given the nature and extent of her injuries, we filed plaintiff's claim in the Circuit Court of Cook County, Municipal Department, Fifth District. Plaintiff specifically requested less than $50,000.00 damages in her complaint. The summons issued for service on defendant Wells likewise stated that the amount claimed by plaintiff was "$50,000.00."

8.  At no time have plaintiff or I indicated to defendant's counsel or to anyone else that plaintiff's damages in this case exceed $75,000.00. Indeed, I expressly told

2

PDF created with pdfFactory trial version www.pdffactory.com

defendant's counsel by telephone that the amount in controversy was _less_ than $50,000.00.

9.  Neither plaintiff nor I ever had any intention of requesting an award of damages at trial in excess of $50,000.00. Nor do we presently.

By: _____
John T. Benz

Subscribed and Sworn before me this 7th day of February 2008.

_____
Notary Public

OFFICIAL SEAL
BASILIOS STAVROS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/19/07

JOHN T. BENZ
LAW OFFICES OF JOHN T. BENZ
16061 SOUTH 94TH AVENUE
ORLAND HILLS, ILLINOIS 60487
(708) 403-8800
FAX: (708) 403-8193
ARDC No. 6202322

PDF created with pdfFactory trial version www.pdffactory.com