2101 sbk.avs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE KANCEWICK, ) | |
| ) | |
| Plaintiff, ) | 2008 CV 229 |
| ) | |
| vs. ) | Judge Grady |
| ) | |
| STANFORD HOWARD and ) | Magistrate Judge Valdez |
| ARTHUR WELLS, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ARTHUR WELLS, INC.'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND MATTER TO STATE COURT**

Now comes Defendant, ARTHUR WELLS, INC., by and through its attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, and in Response to Plaintiff's Motion to Remand Matter to Circuit Court of Cook County, Illinois, respectfully request that this Honorable Court retain jurisdiction in this matter and deny Plaintiff's Motion. In support thereof, Defendant states as follows:

1. The instant action is a result of a vehicular accident that took place on October 19, 2005 on I-55 at or near Mile Post 25 in Hamel, Madison County, Illinois. Two and one-half years later, "Plaintiff continues to experience ill affects from the occurrence..." Par 13 of plaintiff's motion to remand. Clearly, it appears that she is claiming chronic and/or permanent pain, suffering, disability, and/or loss of a normal life. Defendants have not received any disclosures or discovery; while plaintiff may no longer be treating, as her attorney avers in the motion to remand, why? Is it because she has pain that cannot be treated? Does she have an injury for which there are no non-surgical alternatives? Has she been advised or recommended to have

surgery but she does not want to proceed with it? Was she deemed to have fully recovered such that she did not need treatment? Her attorney throws out some facts but nothing specific that is of practical value.

2. On October 17, 2007, Plaintiff filed a Complaint *at Law* in the Circuit Court of Cook County, Illinois. Plaintiff's Complaint did not include an affidavit indicating that her damages did not exceed $50,000, as required by Illinois Supreme Court Rule 222(b).

3. After receiving said Complaint, counsel for Defendant contacted Plaintiff's counsel seeking clarification of the amount in controversy and requesting that Plaintiff comply with Illinois Supreme Court Rule 222(b). In response, while plaintiff's counsel represented that he would file an affidavit seeking less than $50,000, in fact plaintiff's counsel executed an affidavit indicating that Plaintiff will be seeking money damages in excess of $50,000.

4. The law is clear in the Seventh Circuit that jurisdiction is determined at the institute of removal and a post-removal affidavit is not effective to require a remand, but is rather an improper attempt to manipulate the process to avoid the removal. *Workman v. UPS, Inc.*, 234 F.3d 998 (7th Cir. 2000); *Chase v. Shop N'Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993); *In Re Matter of Shell Oil & Co.*, 970 F.2d 355 (7th Cir. 1992). These decisions all recognize that any representations, affidavits, or stipulations as to the reduced value of the plaintiff's case do nothing to remove the jurisdiction properly established in the Federal Court at the time of the removal.

5. In this case, Plaintiff's counsel claims that he made a "mistake" when signing the Affidavit indicating that his client's claim exceeded $50,000. Counsel did not assert that the Affidavit in question was improperly executed. Therefore, the Court can and should assume that

Plaintiff's counsel read the Affidavit and made the affirmative decision to sign it though perhaps he has had second thoughts since the case was removed.

6. Plaintiff's counsel has not attached any medical records to his motion though he states that his client has "soft tissue" injuries; yet, by his own admission, "plaintiff continues to experience ill affects from the occurrence…" Par 13 of plaintiff's motion to remand.

7. The propriety of the removal is based on the evidence presented to the Court at the time of the removal. As subsequent change in circumstances has no bearing on the propriety of Defendant's removal to Federal Court.

8. For example, in *John R. Rising-Moore v. Red Roof Inns*, No. 2005-1976 (7th Cir. 2006), plaintiff filed suit for a slip and fall case in state court. His lawyer subsequently indicated that plaintiff's claim was worth between $180,000 and $200,000. As a result of his counsel's assertions, defendant's removed the suit to federal court. The court found that the amount in controversy in that suit was between $180,000 and $200,000 per the assertions of plaintiff's counsel. The court referenced *St. Paul Mercury Inc. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) to note that a removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does prevail.

9. Therefore, based on the Affidavit of Plaintiff's counsel in this matter which was in effect at the time of removal, this Court should retain jurisdiction of this suit and Plaintiff's Motion should be denied.

10. According to *St. Paul Mercury*, supra, 303 U.S. at 293, post-removal events - even an irrevocable promise not to accept more than then jurisdictional minimum - do not authorize the remand of a suit that was within the federal jurisdiction when removed. Nonetheless, and strictly in the alternative to defendant's prayer that the Court deny plaintiff's

motion to remand, this Court should only remand the instant matter if the Plaintiff and her counsel both personally execute affidavits indicating that:

a) Plaintiff and plaintiff's counsel concede that the total amount of compensation sought for Plaintiff for her injuries from this accident total less than $50,000 (gross recovery before any potential reduction for comparative fault);

b) If the case proceeds to trial in State Court, neither Plaintiff nor her counsel will request total compensation for damages to exceed $50,000.00 (gross before comparative fault);

c) That plaintiff admit and stipulate that she is not seeking the following damages:
   1. Future lost wages
   2. Future medical bills;
   3. Future medical treatment;
   4. Future pain and suffering;
   5. Future or permanent disability;
   6. Future or permanent loss of a normal life;
   7. Increased risk to develop any condition, medical problem or malady as a direct or indirect consequence of the subject accident.

d) That plaintiff admit and stipulate that she has recovered 100% from any injuries, direct or indirect, that she claims to have sustained in the subject accident;

e) If the case proceeds to trial in State Court and Plaintiff is awarded more than $50,000 gross verdict for his total damages (before any reduction of comparative fault), both Plaintiff and her counsel agree to a remittitur of the verdict and judgment to $50,000.00, before or reduction for comparative fault, and that they agree to waive any right to appeal the remittitur;

f) That both Plaintiff and her counsel are each and both bound by the above averments;

g) That plaintiff and her counsel agree and admit that should plaintiff seek to amend her ad damnum clause or otherwise seek damages in excess of $50,000 at any future date, that they waive any timeliness or procedural objection to a successive removal petition.

4

11.   Plaintiff's counsel's representation in his motion that he stated "that the amount in controversy was less than $50,000.00" is disputed; plaintiff made no such specific statements.

12.   Plaintiff's counsel's representation that "neither plaintiff nor I ever had any intention of requesting an award of damages at trial in excess of $50,000.000. Nor do we presently[.]" is of no practical value to defendants. It is not binding on the plaintiff, much less plaintiff's counsel. Only an affidavit consistent with the terms set forth in par. 10(a-g) of this response brief has any force of law.

13.   Alternatively, this court should reserve ruling on this motion until plaintiff has answered written discovery, produced her medical records, and appeared for a discovery deposition. At that time, the court could schedule a status hearing to determine whether there is any jurisdictional issue as to the amount of controversy.

WHEREFORE, Defendant, ARTHUR WELLS, INC. prays that this Honorable Court deny Plaintiff's Motion to Remand with prejudice and for any other relief that this Honorable Court deems appropriate under these circumstances or, alternatively, that both Plaintiff, CHRISTINE KANCEWICK, and her counsel be required to execute affidavits as indicated above before any remand is issued.

Respectfully submitted,

HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC

/s/ Shimon B. Kahan
Shimon B. Kahan
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorney for Defendant
200 W. Adams St., Ste. 500
Chicago, IL 60606-5214
Tel: (312) 676-7060