08-229.081-JCD                                                    April 3, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHRISTINE KANCEWICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 229 |
| | ) |
| STANFORD HOWARD and | ) |
| ARTHUR WELLS, INC., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff's motion for remand is before the court. For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff Christine Kancewick, an Illinois citizen, brought this action in the Circuit Court of Cook County against defendants Stanford Howard, a Missouri citizen, and Howard's employer, Arthur Wells, Inc. ("Wells"), a Missouri corporation with a principal place of business in Missouri. Kancewick seeks damages for injuries sustained in an October 19, 2005 car accident near Hamel, Illinois, allegedly caused by Howard's negligence. At the time of the accident, Howard was acting as an employee of Wells. The complaint seeks "judgment . . . in an amount not to exceed $50,000.00 and for such other relief as the court deems just and proper." (Compl. at 2.)

- 2 -

The following facts are not in dispute. Plaintiff filed this action in the Circuit Court of Cook County in October 2007. On December 11, 2007, Wells waived service of the summons and complaint and received a copy of the complaint. Upon receipt of the complaint, defendant's counsel contacted plaintiff's counsel to seek clarification of the amount in controversy and to request that plaintiff comply with Illinois Supreme Court Rule 222(b), which requires a plaintiff in any civil action seeking money damages to attach to her initial pleading her affidavit that the total of money damages sought does or does not exceed $50,000. Plaintiff's counsel stated that Kancewick's damages were not in excess of $50,000 and that he would provide the Rule 222 affidavit.

On December 12, 2007, plaintiff's counsel sent opposing counsel an affidavit that states: "My name is John T. Benz and I am the attorney representing Christine Kancewick in this case. Based upon my review of this matter to date, it is my belief that the total money damages sought for the plaintiffs' [sic] injuries in this case exceed $50,000." (Notice of Removal, Ex. B, Benz Aff.)

Defendant Wells removed the case to this court on January 10,

- 3 -

2008, asserting diversity jurisdiction.[1] Plaintiff now moves to remand.

## DISCUSSION

Jurisdiction based on diversity exists if the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). There is no dispute that the parties are of diverse citizenship, but the amount in controversy is at issue.

Wells, as the removing party, bears the burden of establishing jurisdiction. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 447 (7th Cir. 2005). To meet the amount-in-controversy requirement, "the removing litigant must show a reasonable probability that the stakes exceed the minimum. The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether plaintiff is likely to win or be awarded everything he seeks." Id. at 449 (citations omitted). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." Id. at 448.

---

[1] It appears that Wells did not include in its Notice of Removal any statement by Howard joining in the removal, but there was no need to do so because Howard had not yet been served with process. Removal normally requires the consent of all defendants, but where the non-joining defendant has not yet been served with process, joinder is unnecessary. Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994), abrogated on other grounds by Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

- 4 -

At first glance, Kancewick's complaint does not seem to place over $75,000 in controversy because it includes a statement that judgment is sought in "an amount not to exceed $50,000.00." In <u>Oshana v. Coca-Cola Co.</u>, 472 F.3d 506 (7th Cir. 2006), the Court of Appeals was confronted with a similar, though stronger, disclaimer and explained that these kinds of statements have no legal effect:

> Coke must establish that at the time of removal Oshana personally had placed over $75,000 in controversy. On the face of Oshana's state-court complaint, she did not. She expressly disclaimed individual damages over $75,000: "Plaintiff seeks no relief, cause of action, remedy, or damages that would confer federal jurisdiction upon the claims asserted herein, and expressly disclaims individual damages in excess of $75,000." Such disclaimers have been long approved as a way of staying out of federal court, but only when the disclaimer is binding. Illinois does not bind plaintiffs to such disclaimers in complaints—like in federal court, plaintiffs in Illinois are not limited to the amounts they've requested. So Oshana's disclaimer had no legal effect. If Oshana really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit. A stipulation would have had the same effect as a statute that limits a plaintiff to the recovery sought in the complaint.

<u>Id.</u> at 511-12 (citations omitted). Kancewick's request for judgment in an amount not to exceed $50,000 therefore did not bind her and did not prevent removal of this case. In addition, Kancewick did not stipulate to damages not exceeding $75,000.

In its Notice of Removal, Wells relied upon three pieces of evidence to support its argument that the amount-in-controversy requirement was met: (1) the complaint's allegations regarding the nature of plaintiff's injuries; (2) the statements in the police

- 5 -

report regarding the collision; and (3) the affidavit of plaintiff's counsel, Mr. Benz, stating that it was his belief that the money damages sought for Kancewick's injuries in this case exceed $50,000. The latter is the main topic of dispute in the parties' briefs because Mr. Benz has filed an affidavit in support of plaintiff's motion to remand in which he states as follows:

> On December 12, 2007, my secretary prepared the [Rule 222] affidavit based on a form affidavit that we had on her computer. Unfortunately, I failed to notice that the [sic] we used the wrong form and that affidavit mistakenly indicated that the damages sought in the case would "exceed" rather than "not exceed" $50,000.00. This was completely inadvertent. In actuality, I had intended the affidavit to state, as I had previously told defendant's counsel, that the total money damages sought did not exceed $50,000.00.
> . . .
> At no time have plaintiff or I indicated to defendant's counsel or to anyone else that plaintiff's damages in this case exceed $75,000.00. Indeed, I expressly told defendant's counsel by telephone that the amount in controversy was less than $50,000.00. Neither plaintiff nor I ever had any intention of requesting an award of damages at trial in excess of $50,000.00. Nor do we presently.

(Mot. to Remand, Ex. 3, Benz Aff., ¶¶ 4, 8-9.)

Plaintiff's argument misses the mark. Even assuming that Mr. Benz did indeed make a mistake in his Rule 222 affidavit, none of the statements contained in his instant affidavit in support of plaintiff's motion to remand can defeat jurisdiction if it existed on the day of removal. "Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint.

- 6 -

. . . Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant." In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)).  And if Mr. Benz's Rule 222 affidavit had (purportedly correctly) stated that it was his belief that the total money damages sought for the plaintiffs' injuries in this case do not exceed $50,000, that still would not have prevented removal for the reasons outlined in Oshana--the affidavit did not constitute a stipulation that plaintiff's stake did not exceed $75,000.

"[W]hat matters is the amount put in controversy on the day of removal." Oshana, 472 F.3d at 513.  What evidence of that amount did Wells have?  First, Wells had an affidavit from plaintiff's counsel indicating that it was counsel's "belief" that the damages sought exceeded $50,000.  But let us put the affidavit to one side because even without it, removal was proper.  Wells had a police report stating that Howard's semi-trailer truck "sideswiped" Kancewick's Saturn car and that due to the impact, Kancewick "lost control and entered the center grassy median." (Notice of Removal, Ex. C, Police Report, at 2.)  More importantly, the complaint claims that as a result of the collision and Howard's alleged negligence, Kancewick "suffered severe and permanent injuries of a personal and pecuniary nature."  (Compl. ¶ 6 (emphasis added).)

- 7 -

Although the complaint contains the (non-binding) prayer for judgment "not to exceed $50,000.00," it also seeks "such other relief as the court deems just and proper." Given the circumstances of the collision and the "severe and permanent" nature of plaintiff's alleged injuries, there was a reasonable probability that the stakes exceed $75,000. As in <u>Oshana</u>, we have "no reason to believe on the day the case was removed that it was legally impossible for [plaintiff] to recover more than $75,000." <u>See</u> 472 F.3d at 513. Removal was therefore proper.

## **CONCLUSION**

Plaintiff's motion for remand is denied.

DATE:        April 3, 2008

ENTER:       _____
             John F. Grady, United States District Judge